IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CR112 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| EZEQUIEL VILLA-GUTIERREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court following a hearing on defendant's motion to suppress.  Filing No. 24.  At the hearing conducted on this date, and with the agreement of the parties, the court ruled from the bench that defendant's statements made at the hospital are suppressed.  Defendant's motion to suppress does not relate to the hospital statements, and the court will not reiterate its previous findings here.  Having heard testimony and reviewed the evidence in this case,  the court finds that defendant's motion to suppress is denied.

**Background**

In this case, the parties contest whether defendant consented to a search of his vehicle after Officer Dustin Spaniel issued him a citation for a traffic violation.  The court has viewed the stop and finds that defendant consented to a search of his vehicle. Specifically, the court notes that in response to Officer Spaniel's question, "Would you mind if I searched your vehicle?", the defendant responds "no," and then questions why the officer did not search the previous vehicle that had been stopped.  Officer Spaniel

responds that he searches every other vehicle and that the search will not last long.  After this exchange, defendant consents to search.

**Discussion**

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  The Fifth Amendment, in turn, provides that no person "shall be compelled in any criminal case to be a witness against himself."  U.S. Const. amend V. Thus, when a person is taken into custody for questioning, an individual must be advised of the rights to be free from compulsory self-incrimination, and to the assistance of counsel.

"For purposes of constitutional analysis, a traffic stop is characterized as an investigative detention, rather than a custodial arrest."  *United States v. Jones*, 269 F.3d 919, 924 (8th Cir. 2001).  "Once the officer decides to let a routine traffic offender depart with a ticket, a warning, or an all clear, the Fourth Amendment applies to limit any subsequent detention or search."  *United States v. Lyons*, 486 F.3d 367, 371 (8th Cir. 2007) (internal quotation and citation omitted). After the officer concludes the traffic stop, the officer can lengthen the stop, or expand the scope of the stop, if the officer has a reasonably articulable suspicion for believing that criminal activity is afoot.  *Lyons*, 486 F.3d 367, 371 (8th Cir. 2007).  Such a traffic stop is governed by the case of *Terry v. Ohio*, 392 U.S. 1 (1968), and is thus known as a "*Terry* stop."  *Jones*, 269 F.3d at 924.  A *Miranda* warning is not necessary for persons detained for a *Terry* stop.  *United States v. Pelayo-Ruelas*, 345 F.3d 589, 592 (8th Cir. 2003).

Police may conduct a search of a person's vehicle without a warrant or probable cause provided that person voluntarily consents to the search.  *United States v. Bradley*,

234 F.3d 363, 366 (8th Cir. 2000); *United States v. Parris*, 17 F.3d 227, 229 (8th Cir. 1994). The government bears the burden of proving voluntary consent. *United States v. Heath*, 58 F.3d 1271, 1275 (8th Cir. 1995). "Consent is voluntary if it was the product of an essentially free and unconstrained choice by its maker, rather than the product of duress or coercion, express or implied." *Bradley*, 234 F.3d at 366 (quotations and citation omitted). To establish voluntary consent, the government does not need to prove that the accused was fully aware of his or her rights under the Fourth Amendment. *Heath*, 58 F.3d at 1275-76. Courts evaluating voluntariness must examine the totality of the circumstances, including the accused's characteristics and the nature of the encounter. *Bradley*, 234 F.3d at 366.

If a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual, reasonable suspicion is not required, and the encounter will not evoke Fourth Amendment scrutiny unless it loses its consensual nature. *United States v. Coney*, 456 F.3d 850, 858 (8th Cir. 2006). In this case, I conclude that after Officer Spaniel issued defendant a traffic citation, the officer's subsequent request to search did not constitute a detention but was merely a consensual encounter between officers and a citizen. The officers did not use physical force, make a show of authority, or use demanding language, but simply asked the defendant whether he would consent to a search of his vehicle. While the defendant might have been initially hesitant when he responded "no" and questioned the officer's tactics in not searching the previous vehicle, the fact remains that defendant agreed to allow the officers to search his vehicle. An officer that has no basis for suspecting a particular individual may generally ask questions of that individual, including a request consent to search, provided the officer does not

convey a message that compliance with the request is required. *Coney*, 456 F.3d at 858.

In this case, the defendant consented to the search, a search resulted, and

methamphetamine was found in defendant's vehicle. The court finds that this consensual

search did not violate defendant's Fourth or Fifth Amendment rights and the motion to

suppress is denied.

THEREFORE, IT IS ORDERED that defendant's motion to suppress, Filing No. 24,

is denied.

DATED this 9th day of August, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
Chief U.S. District Judge