IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CR112 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| EZEQUIEL VILLA-GUTIERREZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant motion to vacate under 28 U.S.C. § 2255. Filing No. 47. Under Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, the court must perform an initial review of the defendant's § 2255 motion. *See Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 4(b) (2011 Ed.). The rules provide that unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the court must order the United States Attorney to respond to the motion. *Id.*

The defendant pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1) possession with intent to distribute methamphetamine. Filing No. 38 (text minute entry). The defendant was sentenced to 60 months of imprisonment. Filing No. 44. In his § 2255 motion, the defendant alleges that his plea was not made knowingly, voluntarily, or intelligently, since his legal counsel failed to advise him about the risk of deportation resulting from guilty plea. Filing No. 47. In addition, the defendant argues that since a retroactive right was "newly recognized by the Supreme Court" in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), his § 2255 motion is not time barred according to 28 U.S.C. § 2255.

On initial review, the court finds that it plainly appears that the defendant is not entitled to relief, and that the government is not required to answer. *See Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 8(a), (2011 Ed.). The court finds that the § 2255 petition was not timely filed by the defendant. In addition, this court finds that the newly recognized constitutional rule in *Padilla,* that an attorney must "advise her client regarding the risk of deportation" resulting from a guilty plea, was also not timely filed by the defendant. *Padilla*, 130 S. Ct. at 1482.

A.   Statute of Limitations

"The time for filing a petition is governed by 28 U.S.C. § 2255 para. 6." *See Rules Governing Section 2255 Proceedings for the United States District Court, Rule 3(c).*

> A one-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The first issue is whether the § 2255 petition was filed within one year of "the date on which the judgment of conviction became final." Here, there is no indication that the defendant's § 2255 petition was filed within one year of the dates specified in 28 U.S.C.

2

§ 2255(f). The limitations period began to run on November 29, 2007, when the judgment became final. Thus, the defendant had one year, or until November 29, 2008, to file a petition in this court. The defendant did not file his petition until May 2, 2011. In light of this, the court finds that the defendant's § 2255 petition was not timely filed.

In addition, the newly recognized constitutional rule in *Padilla*, that an attorney must "advise her client regarding the risk of deportation" resulting from a guilty plea, was not timely filed by the defendant. *Padilla* was decided on March 31, 2010, which is when the limitations period began to run. Thus, the defendant has one year, until March 31, 2011, from the applicable Supreme Court decision, if the right is made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). The defendant failed to do so because he filed the petition on May 2, 2011. Therefore, the defendant is time barred from implementing the newly recognized constitutional rule found in *Padilla*.

### B.   *Certificate of Appealability*

This habeas corpus action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Slack v. McDaniel,* 529 U.S. 473, 476 (2000) (holding that when a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition after the effective date of AEDPA, the right to appeal is governed by the certificate of appealability ("COA") requirements now found at 28 U.S.C. § 2253(c)). *See also* Federal Habeas § 2255 Cases, Rule 11. The AEDPA requires the issuance of a COA before a petitioner can appeal the denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c). Under section 2253(c), the district court will issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* A "substantial showing of the denial of a constitutional right" requires that petitioner demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 482.

Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* Defendant's notice of appeal was not accompanied by any substantial showing of a violation of a constitutional right, and the defendant's motion for a certificate of appealability is denied.

THEREFORE, IT IS ORDERED:

1. On initial review, the court finds that summary dismissal is appropriate because the defendant's § 2255 petition is time barred. Defendant's motion to vacate under 28 U.S.C. § 2255, Filing No. 47, is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. The court will not issue a certificate of appealability.

DATED this 23rd day of June, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.