IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,               ) | |
| ) | |
| Plaintiff,          ) | 8:07CR112 |
| ) | |
| v.                  ) | |
| ) | MEMORANDUM AND ORDER |
| EZEQUIEL VILLA-GUTIERREZ,               ) | |
| ) | |
| Defendant.          ) | |

This matter is before the court on the defendant's motion to alter and amend judgment pursuant to Fed. R. Civ. P. 59(e).  Filing No. 51.  This court earlier dismissed the defendant's motion to vacate under 28 U.S.C. § 2255 as untimely on initial review.  In his motion to alter or amend, the defendant argues that his motion was timely under the "prison mailbox rule."  He submits a statement attesting that he put the petition in the prison mail on March 31, 2010.  The motion to vacate is dated March 31, 2010, although it was not filed until May 2, 2011.  Filing No. 47.

Rule 4(c) of the Federal Rules of Appellate Procedure codifies the prison mailbox rule and states, "If an inmate confined in an institution files a notice of appeal . . . , the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1).  The rule further provides that "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Id.*

Rule 59(e) allows a district court to correct its own mistakes in the time period immediately following entry of judgment. *Innovative Home Health Care, Inc. v. P.T.-O.T.*

*Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." *Id.* "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

The defendant's 2255 petition was based on the Supreme Court's recent ruling "that counsel must inform [his] client whether his plea carries a risk of deportation." *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). The defendant alleges that his plea was not made knowingly, voluntarily, or intelligently, since his legal counsel failed to advise him about the risk of deportation resulting from his guilty plea. Neither the United States Supreme Court nor the Eighth Circuit Court of Appeals has passed on whether *Padilla* should apply retroactively. Lower courts have been divided on the retroactive effect of Padilla. *Compare Mendoza v. United States*, — F. Supp. 2d —, 2011 WL 1226475 at *5 (E.D. Va. Mar. 24, 2011); *United States v. Gilbert*, No. 2:03–cr–00349–WJM–1, 2010 WL 4134286 at *3 (D.N.J. Oct. 19, 2010); *United States v. Shafeek*, No. 05–81129, 2010 WL 3789747 at * *3–4 (E.D.Mich. Sept. 22, 2010) (all holding *Padilla* does not apply retroactively) *with United States v. Chavarria*, No. 2:10–CV–191 JVB, 2011 WL1336565 at **2–3 (N.D. Ind. Apr. 7, 2011); *United States v. Zhong Lin*, No. 3:07–CR–44–H, 2011 WL 197206 at * *2–3 (W.D. Ky. Jan. 20, 2011); *Martin v. United States*, No. 09–1397, 2010 WL 3463949 at *3 (C.D.Ill. Aug. 25, 2010) (*Padilla* does apply retroactively).

Under Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, the court must perform an initial review of the defendant's § 2255 motion. *See Rules Governing Section 2255 Proceedings for the United States District*

*Courts*, Rule 4(b) (2011 Ed.). The rules provide that unless "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the court must order the United States Attorney to respond to the motion. *Id.*

The court finds that the defendant's Rule 59(e) motion should be granted. On the defendant's showing that his motion to vacate was placed in the prison mail system on or before March 31, 2011, the court finds his motion is timely. Because it does not plainly appear that the defendant is not entitled to relief, the government will be required to respond to the defendant's motion.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to alter or amend (Filing No. 51) is granted.

2. The court's Memorandum and Order (Filing No. 49) and Judgment (Filing No. 50) are vacated.

3. On initial review, the court finds that summary dismissal is not appropriate.

4. The government shall respond to the defendant's 28 U.S.C. § 2255 petition within 21 days of the date of this order.

DATED this 7th day of July, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.