IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:07CR112 |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| EZEQUIEL VILLA-GUTIERREZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on the defendant's motion for an emergency stay of deportation pending resolution of 2255 petition for habeas corpus relief, Filing No. 54. Petitioner has filed a motion to vacate his sentence under 28 U.S.C. § 2255 and seeks review of his underlying conviction based upon *Padilla v. Kentucky*, ---U.S. ----, 130 S. Ct. 1473 (2010)," in which the Supreme Court held that in certain circumstances defense counsel's failure to advise a non-citizen defendant of the immigration consequences of his plea can constitute ineffective assistance of counsel.

      In his motion for a stay, he alleges that he has a projected release date of July 27, 2011, and that "removal proceedings will proceed against him" at that time. Filing No. 54, Motion at 2. He requests a stay of those proceedings pending resolution of his § 2255 motion. *Id*. It appears that the defendant's motion is premature, he does not allege that a final order of removal has been entered, nor has he shown that he has raised the *Padilla* issue in immigration proceedings. Further, even if the claim were ripe for review, this court lacks jurisdiction to review removal proceedings. *See* Immigration and Naturalization Act § 242(a)(5), 8 U.S.C. § 1252(a)(5) ("the REAL ID Act"). The Real ID Act specifically divested district courts of jurisdiction arising from the removal orders of aliens. *See id*. A petition for review in the court of appeals is the sole and exclusive means for judicial review

of an order of removal. 8 U.S.C. § 1252(a)(5). Appeals courts also have the authority to consider constitutional claims or questions of law raised in a criminal alien's petition for review. *Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005). Further, before seeking review in the court of appeals, an applicant must first raise the issue in immigration proceedings so as to give immigration officials the opportunity to resolve a controversy or correct its own errors before judicial intervention. *Id.* at 447; 8 U.S.C. § 1252(d)(1).

The defendant may challenge any eventual detention by Immigration and Customs Enforcement ("ICE") under 28 U.S.C. § 2241, which is a separate civil proceeding from a § 2255 motion to vacate a sentence imposed by this court. Any arguments by the defendant based on wrongful or improper detention by ICE cannot be entertained by this court in a § 2255 motion.

In any event, the probability of the petitioner's success in the attempt to vacate his previous convictions is far from clear since the government has yet to respond to the defendant's petition. The likelihood that the defendant can avoid removal on the basis of *Padilla* is speculative at this time. Accordingly,

IT IS ORDERED that the defendant's motion for an emergency stay (Filing No. 54) is denied for lack of jurisdiction.

DATED this 19th day of July, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.