IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:07CR112 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| EZEQUIEL VILLA-GUTIERREZ, | |
| Defendant. | |

This matter is before the court on the defendant Ezequiel Villa-Gutierrez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255"). Filing No. 47, § 2255 Motion. The defendant pleaded guilty to count I of the indictment, possession with intent to distribute 50 grams or more of methamphetamine (mixture). Filing No. 1, Indictment; Filing No. 38, Plea Hearing. The court sentenced the defendant to a 60 month term of imprisonment, followed by five years of supervised release with special conditions. Filing No. 44, Judgment. In his § 2255 motion, the defendant claims his plea should be vacated and set aside because of a right newly recognized by the United States Supreme Court. Filing No. 47 at 11. The movant requests that the court retroactively apply the *Padilla v. Kentucky* holding to this case. *Id.*; *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010). The defendant also filed a motion to appoint counsel in connection with his § 2255 motion. Filing No. 57, Motion to Appoint Counsel.

Under 28 U.S.C. § 2255, a federal prisoner is entitled to "relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852

(8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)).   A movant may raise ineffective assistance of counsel issues in collateral proceedings.  *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003).  "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).  Under the Fifth and Sixth Amendments, the right to assistance of counsel extends to both trial and to a defendant's first appeal of right.  *See Gideon v. Wainwright*, 372 U.S. 335, 344 (1963) (stating the right to counsel is fundamental at the trial level); *Evitts v. Lucey*, 469 U.S. 387, 392-93 (1985) (discussing the fundamental right to effective assistance of counsel on a criminal defendant's first appeal as of right).

The right to counsel includes the right to reasonably effective counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)).   In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar two-part *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Under *Padilla*, the United States Supreme Court held "that counsel must inform her client whether his plea carries a risk of deportation." *Padilla*, 130 S.Ct. at 1486. Counsel's failure to inform his or her client about this risk satisfies the deficient performance prong of the *Strickland* test. *Id.* at 1477.  However, in *Chaidez v. United*

2

*States*, the Supreme Court held that *Padilla* does not apply retroactively.  *Chaidez v. United States*, 133 S.Ct. 1103, 1113 (2013).  "[D]efendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding."  *Id.*

The Supreme Court decided *Padilla* about three years after the judgment in Mr. Villa-Gutierrez's case.  *Id.*; Filing No. 44 (dated November 29, 2007).  Therefore, *Padilla* does not apply to the defendant's motion under the *Chiadez* holding.  Because *Padilla* does not apply, the defendant's § 2255 motion must be dismissed.


THEREFORE, IT IS ORDERED:

1.      The court denies the defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255, Filing No. 47.

2.      The court denies the defendant's Motion to Appoint Counsel, Filing No. 57, as moot.

Dated this 14th day of June, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge